UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CV-209

FH PARTNERS, LP                                                                                    PLAINTIFF

v.

THE CITY OF COLUMBUS, KENTUCKY                                                  DEFENDANT

### MEMORANDUM OPINION

Plaintiff filed a Motion for Summary Judgment in this matter. (Docket # 7). Defendant responded. (Docket # 9). No Reply was filed. The matter is now ripe for adjudication. The Court now DENIES Plaintiff's Motion for Summary Judgment.

### BACKGROUND

In 1983, the City of Columbus, Kentucky, issued a Waterworks Revenue Bond payable to Farmers Home Administration in the amount of $189,000.00. The bond was to be paid semiannually in January and July from 1986 until 2023 at a rate of five percent (5%) interest. There is no acceleration clause specified in the contract. The bond and interest payments are paid from and secured by the gross income and revenues of the Columbus City Water System. The City of Columbus paid the bondholders from the Water System revenues until August 8, 2003. The City of Columbus then ceased payment, claiming inability to pay.

Since payments have ceased, the City is delinquent in $18,000.00 of payments. The total past due amount, inclusive of interest, is $40,506.85. Plaintiff notes it is entitled to this back payment, as well as continued payment from the City. Until payment is made in full, Plaintiff

claims a statutory mortgage lien on the waterworks, appurtenances, and extensions acquired from the funds obtained through the sale of the bond.

In its Complaint, Plaintiff seeks the full amount of $162,000.00 owing on the bond, plus interest, which would otherwise be payable in installments through 2023. Also, Plaintiff seeks for a receiver to be appointed to administer the Water Systems with directions to pay any damages granted in this matter form the net proceeds of its operations. In its Response to the Motion for Summary Judgment, the City disputes this Court's jurisdiction over the present matter because it claims that Plaintiff has not stated a claim meeting the required jurisdictional amount in controversy specified under 28 U.S.C. § 1332.

## STANDARD

Because no federal question was presented for adjudication in this matter, this Court may only assert jurisdiction if the parties are diverse and the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332. The Court must look to the Complaint to determine the amount in controversy in this matter. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 349, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1965) Where the breach of a contract denotes only a failure to pay at the time, and not an anticipatory repudiation of the obligation to pay in the future, future amounts due under a contract are not to be included in the calculation of the jurisdictional amount. *Henderson v. Nat'l Fidelity Life Ins. Co.*, 257 F.2d 917, 918 (10th Cir. 1958); *Schwartz v. Victory Container Corp*, 294 F. Supp. 866, 868 (S.D.N.Y. 1969).

## ANALYSIS

Because there is no acceleration clause in the Bond, the full amount of the Bond is not due at this time. The Plaintiff may not sue for the entire amount of the Bond until its maturity date. However, the Plaintiff can sue for amounts due at this time. The parties agree that this amount does not exceed the jurisdictionally required amount in controversy of $75, 000.

In this matter, Plaintiff also requested equitable relief. Under Kentucky law, in a collection action, a court "may appoint a receiver to administer the waterworks on behalf of the water district or city, with power to charge and collect rates sufficient to provide for the payment of any bonds or obligations outstanding against the waterworks..." Ky. Rev. Stat. 106.100. The Plaintiff suggests that the amount in controversy is augmented by the value of appointing a receiver to the Water System. In support of its argument , Plaintiff cites to a *Pennsylvania R.R. Co. v. City of Girard.* 210 F.2d 437 (6th Cir. 1954). In that matter, the plaintiff sought damages in the amount they had spent to remove ashes and debris caused by the negligence of the defendant in the operation of its business. The plaintiff also sought equitable relief in the form of a permanent injunction enjoining the defendant's continued pollution of the area or in the form of a requirement that the defendant erect a retaining wall to shield the plaintiff from the pollution. *Id.* at 438. In evaluation the amount in controversy, the Court included the "expense to which the plaintiff will reasonably be put through the years and by the value of the right sought to be protected." *Id.*

Here, Plaintiff has not shown and cannot support a claim that future payments will be missed. Plaintiff has claimed no other value which the appointment of a receiver would add

aside from the payment of amount due. Therefore, the Court determines that the equitable relief sought by the Plaintiff adds no value to the amount alleged to be in controversy. Because Plaintiff has not sought damages in the jurisdictionally required amount of $75,000, this case is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the above reasons, Plaintiff's Motion for Summary Judgment is DENIED, and the matter is dismissed. An appropriate Order shall issue.